IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MARVIN ANTHONY MATTHEWS,

       Plaintiff,

vs.                                        No. 08-2164-An/P

TONY PARKER,

       Defendant.

---

ORDER DIRECTING CLERK TO RE-SCAN COMPLAINT
ORDER ASSESSING $350 CIVIL FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

On March 7, 2008, Plaintiff Marvin Anthony Matthews, Tennessee Department of Correction prisoner number 104378, an inmate at the West Tennessee State Penitentiary ("WTSP")[1] in Henning, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983.[2] The Clerk shall record the defendant as WTSP Warden Tony Parker.

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2] The complaint was submitted on legal-size paper and, therefore, the electronic version of the complaint omits approximately the bottom three lines on each page. The Clerk is directed to re-scan the complaint to capture the entire page of each document submitted.

I.    Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted an in forma pauperis affidavit bearing a certification by the trust fund officer and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall

immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate

sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the WTSP to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. Analysis of Plaintiff's Claims

The complaint in this action is difficult to decipher, but it appears that Plaintiff contends that the fact of his imprisonment violates the U.S. Constitution and Tennessee law. According to the Tennessee Court of Criminal Appeals,

> On December 13, 1988, a Shelby County jury found the Petitioner, Marvin Anthony Matthews, guilty of grand larceny. See Marvin Anthony Matthews v. State, No. 16 (Tenn. Crim. App., at Jackson, Jan. 17, 1990), perm. to appeal denied, (Tenn. May 14, 1990). The jury further found the Petitioner to be an habitual criminal and the trial court imposed a life sentence. Id. The Petitioner's conviction and sentence were affirmed on direct appeal. Subsequently, the Petitioner began filing a series of petitions for post-conviction relief. See, e.g., Marvin Anthony Matthews v. State, No. W2003-02980-CCA-R3-PC (Tenn. Crim. App., at Jackson, May 21, 2004) (post-conviction petition barred by statute of limitations); Marvin A. Matthews v. State, No. W2000-01893-CCA-R3-PC

(Tenn. Crim. App., at Jackson, Feb. 8, 2002) (post-conviction petition barred by statute of limitations); <u>Marvin Matthews v. State</u>, No. W1999-00833-CCA-R3-PC (Tenn. Crim. App., at Jackson, Apr. 17, 2001)(post-conviction petition barred by statute of limitations). One petition proved successful on appeal, with this Court reversing eight of the thirteen prior felony convictions used by the State to prove the Petitioner's habitual criminal status. <u>See</u> <u>Marvin A. Matthews v. State</u>, No. 02C01-9204-CR-00091 (Tenn. Crim. App., at Jackson, Feb. 24, 1993), <u>perm. to appeal denied</u>, (Tenn. Jun. 3, 1993). Notwithstanding, the requisite number of qualifying convictions remained to satisfy his classification as an habitual criminal. <u>See</u> <u>Marvin Matthews v. State</u>, No. W1999-00833-CCA-R3-PC.

The Petitioner also sought relief in the form of the writ of habeas corpus, but was also unsuccessful. <u>See, e.g.</u>, <u>Marvin Anthony Matthews v. David Mills, Warden</u>, No. W2004-02209-CCA-R3-HC (Tenn. Crim. App., at Jackson, Mar. 11, 2005), <u>perm. to appeal denied</u>, (Tenn. Oct. 24, 2005) (habeas corpus relief denied for failure to state cognizable claim); <u>Marvin A. Matthews v. State</u>, No. 02C01-9206-CC-00141 (Tenn. Crim. App., at Jackson, Mar. 24, 1993) (habeas corpus relief denied for failure to state cognizable claim); <u>Marvin Anthony Matthews v. Charles C. Noles</u>, No. 02C01-9206-CC-00140 (Tenn. Crim. App., at Jackson, Feb. 24, 1993), <u>perm. to appeal denied</u>, (Tenn. Jun. 1, 1993) (habeas corpus relief denied for failure to state cognizable claim).

<u>Matthews v. State</u>, No. W2007-009360KCCA-R3-HC, 2007 WL 4146253 (Tenn. Crim. App. Nov. 20, 2007).

The complaint alleges, in pertinent part, that, on November 15, 2002, and May 20, 2003, after obtaining permission to review his institutional file, Plaintiff discovered that the file did not contain a copy of some criminal judgment form. Under Tennessee law, the district attorney general is required to complete a uniform judgment document for each conviction. Tenn. Code Ann. § 40-35-209(f); Tenn. Sup. Ct. R. 17. Pursuant to Tenn.

5

Code Ann. § 41-21-104, "a certified copy of the sentence shall be delivered with each inmate to the warden of the penitentiary, and registered in a book kept by the warden for that purpose." Tenn. Code Ann. § 41-21-105(a) provides that "[c]lerks of the criminal and circuit courts of the state are required to furnish the wardens of the state prisons certified copies of all indictments against persons convicted in those courts and sentenced to state prison, at the same time the clerk furnishes the warden copies of the judgment and commitment papers on the convicted person." Relying on Tenn. Code Ann. § 41-21-102, which provides that "[i]nmates sentenced to the penitentiary for life, or any term of time, by any court of this state or of the United States held within this state, shall be received into the penitentiary by the warden thereof, when delivered upon proper authority, and there kept in pursuance of the sentence," Plaintiff avers that Defendant has no authority to detain him, and he brings this suit for false imprisonment.

Plaintiff seeks money damages.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

        (1)  is frivolous, malicious, or fails to state a
    claim upon which relief may be granted; or

        (2)  seeks monetary relief from a defendant who is
    immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is subject to dismissal in its entirety.

Although the complaint is brought under 42 U.S.C. § 1983, which encompasses violations of the federal Constitution or certain federal laws by individuals acting under color of state law, the complaint alleges only violations of Tennessee law.

Moreover, even if it were assumed that the complaint alleges a violation of Plaintiff's right to due process under the Fourteenth Amendment, Plaintiff cannot recover money damages because no court has invalidated his convictions or sentences. As the Supreme Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnotes omitted). As previously noted, see supra pp. 4-5, each of the many challenges filed by Plaintiff to his conviction for grand larceny and sentence

of life imprisonment has failed. This action is, therefore, barred by <u>Heck</u>.

The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted. The Clerk is directed to enter judgment for defendant.

III. <u>Appeal Issues</u>

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in</u> <u>forma</u> <u>pauperis</u> if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal <u>in</u> <u>forma</u> <u>pauperis</u>. <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.

IT IS SO ORDERED this 27th day of August, 2008.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE